IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEAN VALDEZ, | : | Civil No. 1:22-CV-01093 |
| Petitioner, | : | |
| v. | : | |
| STEPHEN SPAULDING, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

On July 13, 2022, Petitioner Jean Valdez ("Petitioner"), a prisoner confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241. (Doc. 1.) Valdez seeks an order directing the Respondent Stephen Spaulding, the Warden at USP Lewisburg, to calculate and apply his earned time credits ("ETC") under the First Step Act ("FSA").  For the reasons discussed below, the court will dismiss the petition without prejudice.

### Factual Background and Procedural History

Petitioner filed the instant petition for writ of habeas corpus and paid the required filing fee. (Docs. 1, 5.) Petitioner alleges that Respondent "may or may not" provide Petitioner with the total number of FSA credits he has earned and that Respondent insists that no inmate is allowed to benefit from this information until

1

he has served all but two years of his sentence. (Doc. 1, p. 6.)[1] Petitioner alleges that this policy prevents him from the benefit of early transfer to a pre-release custody and violates the Fifth and Fourteenth Amendments of the U.S. Constitution. (*Id.*, pp. 9, 11.)

Petitioner provides no information regarding the sentence he is currently serving. (Doc. 1, p. 1.) Likewise, he provides no information regarding any administrative relief sought regarding ETC under the FSA. (*Id.*, p. 2–4.)

## DISCUSSION

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254, Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254, Rule 1.

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2)

---

[1] For ease of reference, the court utilizes the page numbers from CM/ECF header.

permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *See id*. at 761–62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice."  *See id*. at 762.  Exhaustion is not required, however, if there is no opportunity to obtain adequate redress, if the issue presented only pertains to statutory construction, or if the prisoner makes an affirmative showing of futility.  *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986); *Bradshaw*, 682 F.2d at 1052.

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement."  *See* 28 C.F.R. § 542.10(a).  First, an inmate should attempt informal resolution of the issue with the appropriate staff member.  *See id*. § 542.13(b).  If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred."  *See id*. § 542.14(a).  The Warden is to respond to the request within twenty (20) calendar

days. *See id*. § 542.18. An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *See id*. § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." *See id*.

Petitioner was required to exhaust his BOP administrative remedies before he filed his habeas petition. There is no indication of exhaustion in his petition. (Doc. 1.) All sections of the form petition addressing administrative remedies are answered with an "N/A" with no explanation as to why exhaustion is not required or should be excused in this instance. (Doc. 1.) Therefore, the court will dismiss his petition.

However, the court cannot rule out the possibility that Petitioner might have taken all the necessary steps to exhaust his administrative remedies or may be exempt from the exhaustion requirement, but failed to set this forth in in his petition. This court will accordingly grant Petitioner thirty (30) days to file an amended petition setting forth the missing information.

## CONCLUSION

For the foregoing reasons, the court will dismiss Petitioner's petition for writ of habeas corpus without prejudice. (Doc. 1.) Petitioner will have thirty (30) days in which to amend his petition. The court will administratively close the case for statistical purposes, but will retain jurisdiction over the Petition during this thirty-day period and will reopen the case to consider Petitioner's arguments in the event that he files an amended petition. An appropriate order will follow.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: August 11, 2022